CHOCTAW RY. & LIGHTING CO. VS INCORPORATED TOWN OF
McALESTER.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 821).

1. *Evidence—Secondary Evidence.*
    Secondary evidence was admissible to prove the contents of a bond
    sued upon, said bond having been burned when building containing
    records of plaintiff was destroyed.
2. *Lost Documents—Presumptions.*
    Where defendant's predecessor had executed bond sued on, in com-
    pliance with an ordinance providing for the construction of a street
    railway and no copy was produced, bond having been destroyed
    with plaintiff's records, the presumption was that the bond was
    made to accord with the ordinance.
3. *Bonds—Liability.*
    A street railway ordinance required that a bond for $500 be executed
    by predecessor of defendant that it would comply with the ordinance.
    A subsequent change in the route, made as an amendment to the
    ordinance, upon application of the railway company to the town,
    did not terminate the liability of the principal on the bond so that
    an action was maintainable against defendant on a breach thereof.

Error to the United States Court for the Central District
of the Indian Territory; before Justice W. H. H. Clayton,
April 2, 1906.

Action by the incorporated town of McAlester against
the Choctaw Railway & Lighting Company. From a judgment
for plaintiff, and from an order denying defendant's motion
for a new trial, defendant brings error. Affirmed.

*William H. Fuller,* for plaintiff in error.

*S. F. Brown, Brooks Fort,* and *McKennon & Dean,* for
defendant in error.

LAWRENCE, J. December 4, 1901, defendant in error
granted Lawrence P. Boyle, Abraham W. Thomas, and Perry
Newcomb, and to their successors and assigns, the right to
build, operate, and maintain a street railway within said town

of McAlester for 40 years, describing in the ordinance therefor
the line upon which the same should be built, and the time
within which it should be completed, and further therein pro-
viding that said grantees, their associates, successors, and
assigns, should deliver said town a sufficient bond in sum of
$500 payable to it as a guarantee of good faith that the grantees,
their said successors, associates, and assigns, would perform
the terms of the grant, and upon failure so to do said bond
should become of force and effect due and payable to the town.
The Indian Territory Traction Company, an incorporation
under the laws of said territory, became the successors of said
grantees, and pursuant to said ordinance executed the bond
required thereunder to the town in the sum of $500.    July 1,
1903, the defendant in error, at the request of said successors,
amended the said ordinance by changing a part of the route
provided in the original ordinance, which change was duly
accepted by it.    Subsequently this plaintiff in error duly
became the successor of said Indian Territory Traction Company.
Said grantees and successor having failed to complete the said
railway within the time and upon the entire line prescribed
by said ordinance, the defendant brought an action upon said
bond against the principal thereof, the said Indian Territory
Traction Company, December 5, 1904, and prayed for judgment
for $500.    March 15, 1906, this plaintiff filed herein its answer,
in which it averred that it was a body corporate duly authorized
to so act under the laws of said territory, and that it is the suc-
cessor of said Indian Territory Traction Company; further
answering, says that it has built and is operating five-sixths
of the line of road named in said ordinances; says that it has
not knowledge of records showing that its assigns executed
any bond for $500 under section 15 of the original ordinance,
and therefore denies the same and demands proof thereof; and
further says that if a bond was made under said section 15
it was long prior to the amendment to said original ordinance,

and that no renewal bond was required under the amended ordinance, and no bond was given under said amended ordinance; that if any bond was given in 1901 it became null and void after the passage of said amendment to the original ordinance, as said amendments entirely changed the conditions of said bond, if any was given as against this answering defendant, and as well its said assignor; avers that all the terms and conditions of the ordinances, as shown by the exhibits, and the complaint herein, have been practically performed by it, and there has been no breach of such conditions that would warrant the forfeiture of the alleged bond. Under this state of pleadings, the cause was tried to a jury upon documentary. proof and the testimony of witnesses for the respective parties. At the close of the evidence, the defendant requested the court to instruct the jury to return a verdict for defendant, which request was refused by the court. The court instructed the jury that there were but two questions of fact to be considered: "First, was there a bond executed as alleged in the complaint? It is claimed, and there is proof before you, that there was such bond, and that it was destroyed by fire. It has been looked for and cannot be found, and this makes the secondary proof of its contents competent. If you find it was executed as claimed by plaintiff, you will then find what were its terms, from all the proof before you, and if you shall find it was given, and that its conditions have not been complied with, you will find for the plaintiff. The burden of the proof is upon plaintiff to establish these facts; that is, there must be more evidence, weightier evidence, on the side of the plaintiff, than there is on the side of the defendant. There is proof here tending to show that the bond was given under the original* ordinance, and this ordinance was amended, which provided for the building of the railway on a line different from the one named in the original ordinance, and the time for completion of the road was extended. It is in proof that this was done at the solicita-

tion of the traction company, and they requested the council
to make the changes, and it did so.   If you find the company
solicited this change, and agreed to it, and acted under it, and
received benefits, then, notwithstanding the changes, the bond
is good, and notwithstanding the changes it became the duty
of the company to build the road under the provisions of the
amended ordinance, and they would be estopped from setting
up the fact that the bond was vitiated.   It would have that
effect as to the sureties, but they have not been sued, and
you have nothing to do with that.   If the bond was given,
and there has been a breach of its conditions, as required by
the amended ordinance, then defendant is required to pay the
full amount of the bond."   The jury returned its verdict in
favor of defendant in error for $500.   The plaintiff in error
moved for a new trial on the grounds that the verdict is not
sustained by sufficient evidence and it is contrary to law, for
error of law occurring at the trial and excepted to by the de-
fendant at the time, and the error of the court in refusing to
direct a verdict for defendant.   The motion was overruled,
and judgment entered upon the verdict.

The plaintiff in error has brought this writ of error and
assigns four specific causes why the judgment of the court
below should be reversed:   First, for the overruling of the mo-
tion for new trial; second, the overruling of its motion for a
peremptory instruction to the jury to return a verdict for
defendant; third, the charge of the court to the jury that if it
found that the defendant company solicited the passage of the
amendment to the original ordinance, acted thereunder, and
received its benefits, then the change did not vitiate the bond,
and it became the duty of the company to build the road to
conform to the change, and it would be estopped from setting
up the defense that the bond was thereby violated; fourth, the
court erred in charging the jury:   "In other words, the court
instructs you that if the bond were given, and there has been a

breach of the conditions as required by the amended ordinance, then the defendant is required to pay the full amount of the bond." It was clearly proved and not controverted that the predecessor and grantor of this plaintiff in error executed to the defendant in error a bond, with sureties in the sum of $500; and it was likewise shown that it had been burned in the destruction of the building containing the records of the defendant in error. This authorized the resort to secondary evidence of the contents of the bond. A copy of it was not produced, and none of the witnesses who testified as to its contents could say that it was more than an obligation to pay defendant in error $500 if the terms of the original ordinance were not complied with by the principal named in the bond, the Indian Territory Traction Company. However, the ordinance produced in evidence provided: "Sec. 15. That within ninety days after the passage of this ordinance the grantees herein, their associates, successors and assigns, shall execute and deliver to the town council of McAlester, subject to its approval, a good and sufficient bond in the sum of five hundred dollars ($500) payable to the incorporated town of McAlester, Ind. Ter., as a guarantee of good faith, and if the grantees herein, their associates, successors and assigns, shall fail to commence to complete the line, as set out in section 4 of this ordinance, then and in that event, this bond shall become of force and effect and payable to said town of McAlester, Indian Territory. If said line is completed in accordance with section 4 of this ordinance, then in that event this bond shall become null and void, provided however, that in case the grantees herein, their associates, successors or assigns, shall not be granted a franchise or right of way by the government of the United States to the towns of Krebs and Alderson, then and in that event this bond shall become null and void." It is presumed that the bond was made to conform to the terms of this section of the ordinance, and we think the court did not commit error in instructing the jury that, if it

found by the greater weight of the evidence that the terms of the bond had been breached, it should find for the full amount of the sum therein named, for it is clear, by its terms, this amount was meant as fixed and liquidated damages.

It is contended that the change of the terms of the contract of building the railway by the amendment to the original ordinance operated as an abrogation of the bond, in the absence of a saving clause in the amendment.    This is correct as to the sureties on the bond, but not necessarily so as to the principal of the bond.    The converse is true, for the same reason existed for maintaining the bonded indemnity under the ordinance as amended, as under the original, for it was not only required, "as a guarantee of good faith," on the part of the grantees of the franchise, that it should commence the work of building the road, but as well to complete it, by the very terms of said section 15.    This section is as applicable to the ordinance as amended as to it before such amendment.    It is a familiar rule of construction that repeals by implication are not to be assumed unless they shall clearly appear to be inconsistent or conflicting.    However, this question is eliminated in this cause for the reason there was an abundance of testimony that at the time of the adoption of the amendment the effect of the amendment upon the bond was discussed, and that both parties concurred in the opinion and belief that the bond stood for the ordinance as amended.    Lindley, a witness on part of plaintiff in error, and who was acting as an attorney on behalf of grantee of the franchise and present at the passage of the amendment, stated that it was a condition of the acceptance of the amendment to the original franchise that no new bond should be given, but he omits to say whether or not the town of McAlester in any manner expressed a rescission of the bond in question.    It is fair to presume that, if such was the intention of the town counsel, and he being present representing the interests of his client, the record of the meeting would have

been made to show it.     We are of the opinion that the bond
sued upon remained in full force and effect, after the amendment,
as against the principal, the Indian Territory Traction Company,
and the liability thereunder passed to its successor, the plaintiff
in error.     The assignment of errors as to the charge of the court
is not sufficient to authorize reversal of the judgment.

No complaint is made of the rulings of the trial court
upon the admission or exclusion of evidence.     The court did
not commit error in refusing a new trial.

The judgment is sustained by the evidence and the law,
and it is therefore affirmed.

GILL, C. J., and TOWNSEND, J., concur.